UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DESIREE M. HENDLEY,<br><br>    Defendant. | Criminal No. 14-46-ART-(3)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Desiree Hendley moved for a *Daubert* hearing in regards to one of the government's proposed witnesses, Agent Bill Birkenauer of the Northern Kentucky Drug Strike Force. R. 75. As grounds, the defendant states that the government told her on April 18, 2016, that Agent Birkenauer would testify about "the role of a safe house for drug distribution." *Id.* She argues that Agent Birkenauer is providing expert testimony, and, as a result, the government should have disclosed this information to her earlier. *Id.* She is correct. Thus, Agent Birkenauer may not testify about safe houses at trial.

Testimony about "the role of a safe house for drug distribution" is expert testimony. A "safe house" is a residence, sometimes provided by a third-party, from which individuals distribute illegal narcotics. R. 77. The concept of a safe house is part of the modus operandi of drug dealers. *See United States v. Johnson*, 488 F.3d 690, 698 (6th Cir. 2007) (stating that drug dealing employs "unique devices, feints, and codes"). And testimony concerning the modus operandi of drug dealers is specialized knowledge not within the experience of the average juror or layperson. *See United States v. Lopez–Medina*, 461 F.3d 724, 742–43 (6th

Cir. 2006).  As a result, law enforcement officers like Agent Birkenauer often testify as experts in criminal trials to establish the "modus operandi" of drug dealers.  *United States v. Combs*, 369 F.3d 925, 940 (6th Cir. 2004); *see also United States v. Ham*, 628 F.3d 801, 804 (6th Cir. 2011); *United States v. Thomas*, 74 F.3d 676, 682 (6th Cir. 1996).  Thus, any testimony Agent Birkenauer provides about safe houses would be expert testimony.

In response, the government argues that Agent Birkenauer will not opine as to whether the defendant was operating a drug safe house herself.  R. 77.  But whether general or specific, the testimony is expert testimony.  *See, e.g.*, *United States v. Stapleton*, No. CRIM. 12-11-AR-(1), 2013 WL 5966122, at *1–2 (E.D. Ky. Nov. 8, 2013) (Detective Randy Hunter's testimony about "the typical features of pill mills" was expert opinion.); *see generally United States v. Darji*, 609 F. App'x 320, 338 (6th Cir. 2015) (Former DEA agent's testimony "based on almost 30 years" of "observations" from DEA experience was expert opinion.).  Indeed, otherwise how would general testimony be relevant?  The government does not tell us.

Federal Rule of Criminal Procedure 16 requires the government to provide the defendant, upon request, with a written summary of any expert testimony in a timely fashion. The summary must include the "witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."  Fed. R. Crim. P. 16(a)(1)(G).  The defendant made this request at her arraignment on January 26, 2016.  R. 56.  The Court's pretrial management order requires the government to produce for the defense summaries of expert testimony within 10 days after arraignment.  R. 57 at 2.  However, the government did not mention anything about Agent Birkenauer's testimony about safe houses until April 18, 2016—almost three months after the defendant's initial request, two and a half months after the deadline set

by the Court's pretrial management order, and only a week before trial.  R. 75; *see also* R. 57 at 1–2.

The Court has discretion to choose a remedy for a violation of discovery requirements.  Fed. R. Crim. P. 16(d)(2).  "[T]he court may order [the violating] party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances."  *Id.*  In exercising this discretion, the court should consider the reasons for the government's delay, the prejudice to the defendant, whether a less severe sanction is appropriate, and any other relevant circumstances.  *See United States v. Ganier*, 468 F.3d 920, 927 (6th Cir. 2006); *see also United States v. Bentley*, 875 F.2d 1114, 1118 (5th Cir. 1989).  First, the government provides no explanation for the delay in its disclosure.  The government should have known as early as the indictment in October 2014 that this case involved a potential safe house.  *See* R. 1.  Moreover, the defendant requested disclosure of expert testimony under Rule 16 in January 2016.  R. 56.  And the Court's pretrial management order required this disclosure by February 5, 2016.  R. 57 at 2.

Second, the prejudice to the defendant from such late disclosure—merely one week before trial—is significant.  *See United States v. Collins*, 799 F.3d 554, 573 (6th Cir.), *cert. denied*, 136 S. Ct. 601 (2015) (citing district judge characterizing disclosure five days before trial as the "11th hour").  One week is likely insufficient time for the defendant to acquire an expert of her own or to adequately prepare to cross-examine Agent Birkenauer about safe houses.

Third, a less severe sanction—such as a continuance—is inappropriate here.  Criminal defendants like Hendley have a right to a speedy trial.  Granting a continuance would allow

the government to end-run around this right by untimely disclosing expert testimony. *See* Speedy Trial Act Time Limits and Exclusions, 18 U.S.C. § 3161(h)(7)(C) (stating that delays due to "lack of diligent preparation" by the government are not excludable from Speedy Trial Act calculations); *see also United States v. Pittman*, No. 15-5085, 2016 WL 929626, at *4–5 (6th Cir. Mar. 11, 2016) (affirming district court exclusion of expert testimony because evidence would not be admissible without allowing "further delays" of the trial). Thus, the Court will exclude Agent Birkenauer's testimony about safe houses. *See* Fed. R. Crim. P. 16(d)(2)(C) (stating that courts may prohibit a party from introducing the undisclosed evidence).

Accordingly, it is **ORDERED** that Agent Birkenauer's testimony at trial is **LIMITED** to the interview of the defendant. Agent Birkenauer cannot testify about safe houses and their role in narcotics operations generally. The defendant's motion for a *Daubert* hearing, R. 75, is **DENIED AS MOOT**.

This the 22nd day of April, 2016.

Signed By:
*Amul R. Thapar* AT
United States District Judge

4